UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN McNUTT | § | C.A. No. |
| | § | |
| VS. | § | |
| | § | |
| EDISON CHOUEST OFFSHORE, INC., | § | |
| EDISON CHOUEST OFFSHORE, L.L.C., | § | |
| EDISON CHOUEST OFFSHORE, | § | |
| GALLIANO MARINE SERVICE, L.L.C., | § | |
| OFFSHORE SERVICE VESSELS, L.L.C., | § | |
| NAUTICAL SOLUTIONS, L.L.C. | § | |
| *FAST TEMPTRESS*, in rem | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Brian McNutt ("Plaintiff"), complaining of Defendants Edison Chouest Offshore, Inc, Edison Chouest Offshore, L.L.C., Edison Chouest Offshore, Galliano Marine Service, L.L.C., Offshore Service Vessels, L.L.C., Nautical Solutions, L.L.C. and *Fast Temptress, in rem* (collectively "Defendants"), and, for cause of action, would respectfully show as follows:

**I. PARTIES**

1.1     Plaintiff Brian McNutt, is a U.S. citizen and resident of the state of Florida.

1.2     Defendants Edison Chouest Offshore, Inc., Edison Chouest Offshore, L.L.C. and  Edison Chouest Offshore are business entities with a principal places of business in Houston, Southern District of Texas, doing business in this District and the State of Texas for the purpose of accumulating monetary profit.  Since said Defendants do not maintain an agent for service of process in Texas, they may be served with process at their office at 2000

W. Sam Houston Parkway South, Suite 1100, Houston, Texas 77042, in accordance with Rule 4(h) Fed.R.Civ.P.

1.3     Defendant Galliano Marine Service, L.L.C., is a Louisiana limited liability company, doing business in this District and the State of Texas for the purpose of accumulating monetary profit, and may be served with process in accordance with Rule 4(h) Fed.R.Civ.P.

1.4     Defendant Offshore Service Vessels, L.L.C., is a Louisiana limited liability company, doing business in this District and the State of Texas for the purpose of accumulating monetary profit, and may be served with process in accordance with Rule 4(h) Fed.R.Civ.P.

1.5     Defendant Nautical Solutions, L.L.C., is a Louisiana limited liability company, with doing business in this District and the State of Texas for the purpose of accumulating monetary profit, and may be served with process in accordance with Rule 4(h) Fed.R.Civ.P.

1.6     Defendant *Fast Temptress, in rem*, is a crewboat owned and/or operated by Defendants.

## II. JURISDICTION

2.1     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction. This case is brought pursuant 28 U.S.C. § 1333, the general maritime law, and the Jones Act 46 U.S.C. § 30104.

## III.  VENUE

3.1     Venue is proper in this admiralty and maritime matter pursuant to 28 U.S.C. § 1391(b).

## IV.  FACTS

4.1     At all material times hereto, Defendants owned, operated and/or crewed the *Fast Temptress,* the vessel to which Plaintiff was assigned and on which he was injured.

4.2     At all material times hereto, Plaintiff was employed by Defendants as an AB and member of the crew of said vessel.

4.3     On or about July 4, 2013, while Plaintiff was performing his duties in the service of the vessel, he was required to move a chain locker manually, without mechanical assistance, causing him to injure his back and body in general.

4.4     Following some months of medical treatment for this injury, Defendants required Plaintiff to continue to work which exacerbated his back injury, to the point of his being unable to return to work.

4.5     The serious and debilitating injuries suffered by Plaintiff were caused by the negligence and/or gross negligence of Defendants, and unseaworthiness of the vessel, in the following particulars, among others:

      (a)     failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

      (b)     failing to take reasonable precautions for Plaintiff's safety;

(c) failing to provide Plaintiff with a reasonably safe place to work, including failing to provide proper work conditions and equipment to do the job

(d) failing to warn Plaintiff of known and/or existing hazards; and

(e) other acts of negligence and/or omissions to be shown at trial herein.

### V.  COUNT 1 - JONES ACT

5.1     Plaintiff's injuries were suffered in the course of his employment in service of the vessel, and were caused by the negligence and/or gross negligence of Defendants, their officers, agents, and/or employees, as described above.

### VI.  COUNT 2 - UNSEAWORTHINESS

6.1     Plaintiff's injuries were caused by Defendants' breach of their absolute duty to furnish a seaworthy vessel.

### VII.  COUNT 3 - MAINTENANCE AND CURE

7.1     Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel.  As a result, Defendants had, and continue to have, a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendants' duties therefore continue.  Defendants breached their absolute duty by denying payment of maintenance and cure.  As a result of Defendants' failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues.  Plaintiff would further show that Defendants' failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and

capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of his condition caused by Defendants' failure, as well as attorneys' fees, and punitive damages, for which he now sues, in addition to all other relief sought.

## VIII. DAMAGES

8.1 As a direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiff suffered the following injuries and damages, including, but not limited to: (a) mental anguish in the past; (b) mental anguish that he is likely to sustain in the future; © lost earnings; (d) loss of earning capacity; (e) disfigurement; (f) physical impairment in the past; (g) physical impairment that he is likely to sustain in the future; (h) medical expenses in the past; (i) medical expenses that he is likely to incur in the future; (j) physical pain and suffering in the past; (k) physical pain and suffering that he is likely to sustain in the future; (l) pecuniary and non-pecuniary damages to which he is entitled, including punitive damages.

## IX. JURY DEMAND

9.1 Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays for judgment against Defendants for: actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
Texas Bar No. 24076708 / SDTX 1139660
SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:    713-653-5656
Email:          marcus@spaglaw.com

***Attorneys for Plaintiff***